## P. PELANNE v. A. COUDREAU.

The owner of a building is not personally liable to a sub-contractor who has been employed by the contractor in making additions or works upon the building.

The contract between the owner and contractor, while it is not binding on the sub-contractor, may still be used in evidence to show in what capacity the former were acting.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *C. Dufour*, for plaintiff. *G. LeGardeur*, for defendant and appellee.

VOORHIES, J. The defendant, *A. Coudreau*, is the owner of a building, the verandah of which was put up by the plaintiff, *P. Pelanne*.

The point of disagreement between these parties, is as to the person who is bound for the payment of these works ; and this presents the question, whether the owner of the house, or the contractor, is personally responsible to the plaintiff.

The contractor, examined as a witness, states that he made the contract in his own name with *Pelanne*. By the contract between the defendant and this witness, the latter had bound himself to furnish the verandah and to pay the workmen. On the other hand, it appears that *Coudreau* himself selected the pattern of verandah to suit himself, and was often at the foundry to attend to the matter. But it must be observed that, in the contract to build his house, he had reserved to himself the right to select the pattern.

There is, therefore, no conflict in the evidence ; and, although the contract between the owner and the contractor be not binding on the plaintiff, yet it serves to show in what capacity the former were acting in the premises. The contractor is, under the evidence, the only party that dealt with the plaintiff.

The defendant is not personally liable for the amount of the plaintiff's claim. The judgment of the court below does not, however, prejudice whatever rights or privilege which the latter may have as a sub-contractor : there need be no reservation in this court.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.